IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **HARRY RAY SHOUSE,**<br><br>*Plaintiff*,<br><br>v.<br><br>**DAVID M. ROSSIGNOL,** *et al.*,<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**5:23-cv-00419-TES** |

**ORDER**

Before the Court is a motion filed by pro so Plaintiff Harry Ray Shouse to have the United States Postal Service serve subpoenas. [Doc. 16, p. 1]. Given that Plaintiff has yet to serve copies of his Complaint [Doc. 1] or the summons issued to him on December 21, 2023, as required by Federal Rule of Civil Procedure 4(c)(1), the Court does not know what Plaintiff means by his request to "serve subpoenas." [*Id.*]; *see also* [Doc. 10]; [Doc. 19, p. 1]. Perhaps, Plaintiff is conflating "subpoenas" with "summons" and is requesting that the Court order the United States Postal Service to serve his summons for him. For the reasons explained below, that request is **DENIED**.

On the same day the Clerk of Court received Plaintiff's Complaint for filing—on October 24, 2023—the Clerk mailed Plaintiff a copy of the Court's "Rule 4 Packet" and a copy of its Local Rules. In addition to that, the Court has already twice informed Plaintiff that he "is responsible for having the summons and complaint served within

the time allowed by [Federal] Rule [of Civil Procedure] 4(m)." [Doc. 3, p. 2]; [Doc. 13, p. 4]. Moreover, in responding to Plaintiff's questions about his case, the Clerk of Court sent a Letter [Doc. 19] to Plaintiff dated January 12, 2024. Upon noticing that Plaintiff's Complaint has not been properly served, the Clerk also reminded Plaintiff that it is his "responsibility to serve it." [Doc. 19, p. 1]. Time and time again Plaintiff has been reminded that because he is not proceeding *in forma pauperis* in this case that *he* must serve the copies of his Complaint and summons and that he *must* do so within the time allowed by Rule 4(m)—within 90 days of the date he filed his Complaint which was on October 24, 2023. [Doc. 3, p. 2]; [Doc. 13, p. 4]; *see also* [Doc. 1].

Under Rule 4(c)(3), "a plaintiff who is not proceeding *in forma pauperis* may, like all plaintiffs, ask the court to order the United States Marshal to serve process." *Thomas v. Spivey*, No. 5:18-cv-8, 2019 WL 1928505, at *2 (S.D. Ga. Apr. 30, 2019) (citing Fed. R. Civ. P. 4(c)(3)). While the Court must order service by the United States Marshal for plaintiffs proceeding *in forma pauperis*, "[i]t is within the [C]ourt's discretion whether to grant such requests" for those who—like Plaintiff—are not proceeding *in forma pauperis*. *Thomas*, 2019 WL 1928505, at *2 (citing *Pruitt v. Langer Transp. Corp.*, No. 3:17-CV-570-WC, 2018 WL 3326847, at *1 (M.D. Ala. Jan. 23, 2018) (explaining "court appointment of a special process server [under Federal Rule of Civil Procedure 4(c)(3)] is discretionary")); *see also* [Doc. 3, p. 1].

Even if the Court construed Plaintiff's motion as one relying on Federal Rule of

Civil Procedure 4(c)(3), it would still deny such a request for several reasons. First, "[p]ersonal service by [the] United States Marshal is not inexpensive." *Ezzard v. Ajibade*, No. CV 314–141, 2015 WL 1880293, at *5 (S.D. Ga. Apr. 24, 2015). Second, for almost three months now, the Court's "Rule 4 Packet" which is full of relevant information and resources has been made available to Plaintiff.

Third, for about the same amount of time, the Court has made him aware that it is his responsibility to properly serve copies of his Complaint and summons. *See generally* [Doc. 3 (first order from the Court dated November 13, 2023, informing Plaintiff of his responsibilities under Rule 4 as non-*in forma pauperis* plaintiff)]. And finally, Plaintiff's motion "does not recount any . . . efforts made by [him] to serve" the named defendants in this action. *Pruitt*, 2018 WL 3326847, at *1. Although Plaintiff states that he "cannot afford" to serve anything "personally," without more, his motion "is factually insufficient for the Court to conclude that its intervention is needed or required" to assist him with his service obligations especially since (according to his Complaint) each of his named defendants are Georgia residents and are within the Middle District of Georgia. *See id.*; [Doc. 16, p. 2]; [Doc. 1, pp. 1–2]. However, the Court notes that because he is a party in this action, Plaintiff may not personally serve the copies of his Complaint or summons. Fed. R. Civ. P. 4(c)(2). He must coordinate with someone—"[a]ny person who is at least 18 years old and not a party"—to serve copies of his Complaint and summons in accordance with Rule 4.

For these reasons, the Court does not grant Plaintiff's motion even if it construed it as one made pursuant to Rule 4(c)(3). He still, therefore, "remains responsible for perfecting service of process on the defendants in the action." *Thomas*, 2019 WL 1928505, at *2 (citing *Ezzard*, 2015 WL 1880293, at *4 (noting that such non-*in forma pauperis* litigants remain responsible for effectuating service)). Plaintiff paid the entire filing fee at the time he initiated this action. Thus, he "has the responsibility for serving [copies of his Complaint and summons] and may not rely on the Marshals to do so." *Thomas*, 2019 WL 1928505, at *2 (citing *Ezzard*, 2015 WL 1880293, at *5). Plaintiff's request to have the United States Postal Service serve documents on his behalf is **DENIED**.

**SO ORDERED**, this 17th day of January, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**