IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| HARRY RAY SHOUSE,<br><br>  *Plaintiff*,<br><br>v.<br><br>DAVID M. ROSSIGNOL, *et al.*<br><br>  *Defendants*. | CIVIL ACTION NO.<br>5:23-cv-00419-TES |

**ORDER**

At the outset of this case, it seemed like service would be completed without a hitch for pro se Plaintiff Harry Ray Shouse because less than two weeks after he filed his Complaint [Doc. 1] along with full payment of the Court's filing fee, he asked the Court for an order "allowing him to make service upon four . . . [d]efendants" through a private investigator. [Doc. 2, p. 1]. Since Plaintiff's selected private investigator was seemingly "at least 18 years old and not a party" to this lawsuit, the Court denied his request for an order as moot. *See generally* [Doc. 3]. All that was left was for Plaintiff to go forth and fulfill his service responsibilities. Turns out, however, as motions came in and as time went on, it is, in fact, a lack of timely service that calls for the dismissal of this action. Although the Court ultimately dismisses this case for lack of service, it must first address Plaintiff's Motion to Recuse [Doc. 24], before turning to Federal Rule of Civil Procedure 4.

**A.**   **Recusal Is Not Warranted Under 28 U.S.C. § 455**

Recusal in a federal case is governed by two statutes, 28 U.S.C. § 144 and 28

U.S.C. § 455. Plaintiff doesn't identify either in his motion. However, because he did not

supply the affidavit required by § 144 and because he is proceeding pro se and,

therefore, cannot supply the certificate of counsel also required by § 144, the Court only

evaluates his motion under § 455. *See* 28 U.S.C. § 144; *Middlebrooks v. Macon-Bibb Cnty.*,

No. 5:23-cv-00083-TES, 2024 WL 555884, at *7 (M.D. Ga. Feb. 12, 2024) (quoting *Williams*

*v. N.Y.C. Housing Auth.*, 287 F.Supp.2d 247, 249 (S.D.N.Y. Sept. 25, 2003)) ("A pro se

party cannot supply a certificate of counsel.").

Under § 455(a), a judge shall recuse himself in any proceeding in which his

impartiality might reasonably be questioned. *United States v. Gelin*, No. 21-11091, 2022

WL 10220112, at *2 (11th Cir. Oct. 18, 2022). While § 455 does not require an affidavit,

the test is "whether an objective, disinterested, lay observer fully informed of the facts

underlying the grounds on which recusal was sought would entertain a significant

doubt about the judge's impartiality." *Id.* (citing *United States v. Kelly*, 888 F.2d 732, 744–

75 (11th Cir. 1989)); *see also Middlebrooks*, 2024 WL 555884, at *8 (citing *Thomas v. Tenneco*

*Packaging Co.*, 293 F.3d 1306, 1329 (11th Cir. 2002)) (per curiam). "The allegation of bias

must show that 'the bias is personal as distinguished from judicial in nature.'" *Gelin*,

2022 WL 10220112, at *2 (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)).

Here, Plaintiff first argues that recusal is warranted based on previous rulings in

a case out of Peach County, Georgia, by the undersigned during his years as a superior

court judge. [Doc. 24, ¶¶ 1–2]. Second, when it comes to the undersigned's rulings in

*this* case, Plaintiff argues that he "will not get a fair" shake or impartial, "fair and

honest" rulings because he believes that "the Judge do[es] not like [him] at all." [*Id.* at

¶¶ 3–4, 8]. To support this argument, Plaintiff states that "every motion that been [sic]

before this Court has been denied." [*Id.* at ¶ 9]. And, although Plaintiff contends that

those denials have been based on "some flimsy reason or another," the Court has

explained its bases, and more importantly, it has explained why the law supports each

of those rulings for *this* case. [*Id.*].

Judicial rulings, though, "cannot serve as the basis for recusal or cast doubts on

impartiality unless [the moving party] establishes pervasive bias and prejudice." *Jones v.*

*Commonwealth Land Title Ins. Co.*, 459 F. App'x 808, 811 (11th Cir. 2012) (citing *United*

*States v. Archbold-Newball*, 554 F.2d 665, 682 (5th Cir. 1977)).[1] And, as far as pervasive

bias goes, it is well established that adverse rulings do not constitute pervasive bias.

*Hamm v. Members of Bd. of Regents of State of Fla.*, 708 F.2d 647, 651 (11th Cir. 1983);

*McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990) ("Ordinarily, a

judge's rulings in the same or a related case may not serve as the basis for a recusal

---

[1] The decisions handed down prior to the close of business on September 30, 1981, by the United States Court of Appeals for the Fifth Circuit (the 'former Fifth' or the 'old Fifth') "shall be binding as precedent in the Eleventh Circuit" for the court of appeals, the district courts, and the bankruptcy courts. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).

motion."). Further, the law simply doesn't require a judge to recuse himself "based solely on information acquired, and conclusions reached, during the performance of his judicial duties." *Archbold-Newball*, 554 F.2d at 682 (discussing "personal bias" in the context of recusal under § 144). In other words, a judge shouldn't disqualify himself from further participation in a case "merely on the basis of knowledge he acquired in previous proceedings in his court." *Id.*

Therefore, given that the driving force behind Plaintiff's recusal efforts merely stems from adverse rulings in this case and from a previous one involving Plaintiff and his speculation that the undersigned "do[es] not like [him] at all," recusal is not warranted under § 455. *See Everson v. Liberty Mut. Assur., Co.*, No. 1:05-CV-2459-RWS, 2008 WL 1766956, at *3 (N.D. Ga. Apr. 14, 2008) (holding that assertions of partiality based on unfavorable decisions do not warrant recusal under § 455). "Recusal cannot be based on 'unsupported, irrational[,] or highly tenuous speculation.'" *United States v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) (quoting *In re United States*, 666 F.2d 690, 694 (1st Cir. 1981)). Accordingly, the Court **DENIES** Plaintiff's Motion to Recuse [Doc. 24].

### B.   <u>Federal Rule of Civil Procedure 4</u>

Now, onto Federal Rule of Civil Procedure 4. Plaintiff commenced this action on October 24, 2023, and on that same day the Clerk of Court mailed Plaintiff a copy of the Court's "Rule 4 Packet" and its Local Rules. [Doc. 1, p. 1 (timestamp notation that Plaintiff filed his Complaint on October 24, 2023)]. Now, whether he read either, the

Court can't say.

At the time Plaintiff filed his Complaint, he did not seek leave to proceed *in forma pauperis* ("IFP"). Instead, he paid the full $402 filing fee "because," as he states, "it was the right thing to do." [Doc. 8, ¶ 4]. Since Plaintiff was not proceeding IFP, Rule 4(c)(1) places the responsibility of service on him, as "[t]he plaintiff," by one of the manners proscribed by Rule 4(e). Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served . . . ."). For example, Rule 4(e) allows plaintiffs to take the personal-service route and serve defendants by "delivering a copy of the summons and of the complaint to the individual[s] personally." Fed. R. Civ. P. 4(e)(2)(A). However, since Plaintiff is a party to this lawsuit—as the Court informed him well before this Order—he can't "personally" serve the named defendants. [Doc. 20, p. 3]. Someone else—"who is at least 18 years old and not a party"—needed to serve his Complaint and summons on *his* behalf, but it was undoubtedly Plaintiff's responsibility to make that happen since he is not proceeding IFP. Fed. R. Civ. P. 4(c)(2); [Doc. 20, p. 3]; *see also* Fed. R. Civ. P. 4(c)(3) ("The court must . . . order" "that service be made by a United States marshal or deputy marshal or by a person specially appointed" "if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915."). For more than three months now, Plaintiff has been made aware that because he is *not* proceeding IFP, he bore the responsibility of making sure his lawsuit was properly served. [Doc. 3, p. 1].

On November 3, 2023, the Court received and filed Plaintiff's "Motion For A [sic] Order For Perfect Service"[2] [Doc. 2]. As mentioned above, the Court denied that motion as moot since Plaintiff informed the Court that he had a supposed process server (a private investigator) lined up who met the requirements of Rule 4(c)(2). [*Id.* at p. 2]. In denying his motion, the Court reminded Plaintiff that unlike those who are proceeding IFP pursuant to 28 U.S.C. § 1915, he "is not relieved of the burden to serve process." [*Id.* at p. 1].

About a month later Plaintiff filed a "Motion to Amend Motion for Appointment [of] Counsel" [Doc. 5]. While it in no way matters, the Court simply notes the Clerk of Court received Plaintiff's "Motion to Amend Motion for Appointment [of] Counsel" before receiving Plaintiff's initial "Motion for Appointment Counsel" [Doc. 7].[3] *Compare* [Doc. 5, p. 2 (signed on December 5, 2023)], *with* [Doc. 7, p. 3 (signed on November 22, 2023)]. In his initial "Motion for Appointment Counsel," Plaintiff also provided a breakdown of his income and expenses and informed the Court that he would "not have the funds to continue this case" if his request for counsel was denied. [Doc. 7, ¶¶ 1–2, 8]. Along with this motion, Plaintiff also filed a "Motion to Proceed *In Forma*

---

[2] Plaintiff later withdrew his "Motion For A [sic] Order For Perfect Service" stating that he would "do this on [his] own," but as the Court just discussed, Rule 4(c)(2) prohibits him from doing that. [Doc. 4, p. 1].

[3] Because there is no constitutional right to counsel in a civil case and because a review of Plaintiff's Complaint did not present "exceptional circumstances" to warrant an appointment of counsel, the Court denied both requests for counsel. *See generally* [Doc. 6]; [Doc. 11]; *see also* [Doc. 13, pp. 1–3 (denying motion for reconsideration related to Plaintiff's requests for appointed counsel)].

*Pauperis*" [Doc. 8] saying that he "cannot afford to pay the fees and costs of this case

because [he] just do [sic] not have the funds." [Doc. 8, ¶ 1]. He paid the fee, though—in

full. [Doc. 7, ¶ 6 (Plaintiff stating that he "paid the filing fee thinking [he] did <u>NOT</u> want

no person and [sic] persons to think to think [sic] [he] was taking advantage of the

system.")]. Even if the Court could unwind Plaintiff's non-IFP status for purposes of

service (which is essentially what he wants), he "failed to include the affidavit required

when moving to proceed IFP under . . . § 1915" that could "demonstrat[e] his 'economic

eligibility' to do so." [Doc. 13, p. 4].

At bottom, it's clear that "at the time [Plaintiff] filed his Complaint" he was not

indigent, so the breakdown of his finances is irrelevant. [*Id.*]; [Doc. 7, ¶¶ 1–2]. As such,

the Court informed Plaintiff that he may not "avail himself of the benefits that come

with proceeding [IFP] (i.e., service of the complaint and summons by a United States

marshal or deputy marshal)" *after* paying the full freight to commence a civil action.[4]

[Doc. 13, p. 3]. There is, of course, Rule 4(c)(3), and even though Plaintiff never

specifically made a request for service under this specific rule, the Court considered it

for him. "Under Rule 4(c)(3), 'a plaintiff who is not proceeding [IFP] may, like all

plaintiffs, ask the court to order the United States Marshal to serve process.'" [Doc. 20,

p. 2 (quoting *Thomas v. Spivey*, No. 5:18-cv-8, 2019 WL 1928505, at *2 (S.D. Ga. Apr. 30,

---

[4] Along with this information, the Court—"[a]s a courtesy to Plaintiff"—reminded him of the time constraints under Rule 4(m) within which he was required to serve his Complaint and summons. [Doc. 13, p. 4].

2019))]. The text of Rule 4(c)(3) does not require courts to order service for non-IFP

litigants just because they ask for it—the text of the rule says, "the court *may*." Fed. R.

Civ. P. 4(c)(3) (emphasis added). Using its discretion, the Court noted that it would still

deny a Rule 4(c)(3)-based request for service had Plaintiff even asked for it, and it

thoroughly explained its reasons why. *See* [Doc. 20, p. 3]; *Thomas*, 2019 WL 1928505, at

*2 (citing *Pruitt v. Langer Transp. Corp.*, No. 3:17-CV-570-WC, 2018 WL 3326847, at *1

(M.D. Ala. Jan. 23, 2018) (explaining "court appointment of a special process server

[under Federal Rule of Civil Procedure 4(c)(3)] is discretionary")).

While Plaintiff may think the Court's rulings are based on "flimsy reason[s]," it

took the time to thoroughly explain its reasons (because of Plaintiff's pro se status) for

each of them so that there is a clear record of the legal bases for why it ruled the way it

did. [Doc. 24, ¶ 9]. Plaintiff could have certainly voluntarily dismissed this lawsuit and

refiled it along with a proper motion and an affidavit to support efforts to proceed IFP

in a new action, but he did not—which brings the Court to why this case must be

dismissed for lack of untimely service.

Rule 4(m) requires the Court dismiss a case "[i]f a defendant is not served within

90 days after [a] complaint is filed." Fed. R. Civ. P. 4(m).[5] Again, Plaintiff filed his

---

[5] In relevant part, Rule 4(m) states, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m) (emphasis added).

Complaint on October 24, 2023. [Doc. 1, p. 1]. Thus, applying Rule 4(m)'s 90-day service window, Plaintiff had until January 22, 2024, "to serve copies of the summons and Complaint on his named defendants by any manner proscribed by [Rule] 4(e)." [Doc. 21, p. 2]. On January 24, 2024, the Court ordered Plaintiff to show cause why it should not dismiss this action for lack of timely service. *See generally* [Doc. 21].

Rather than attempt to show good cause or request an extension of time for service, as contemplated by Rule 4(m), Plaintiff sought recusal which—as discussed above—is not warranted in this case. Accordingly, having given "notice to the plaintiff" in accordance with Rule 4(m), the Court **DISMISSES** this action **without prejudice** for lack of timely service.[6] Additionally, since Plaintiff failed to properly respond to the Court's Order to Show Cause [Doc. 21] regarding Rule 4(m) the Court also **DISMISSES** this action **without prejudice** pursuant to Federal Rule of Civil Procedure 41(b) based on his failure to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) (first citing Fed. R. Civ. P. 41(b); and then citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order."); *see also Middlebrooks*, 2024 WL 555884, at *12 (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)) (dismissing action with prejudice

---

[6] In light of this ruling, the Court **TERMINATES** Plaintiff's Motion for Emergency Order [Doc. 15] **as moot**.

for failure to comply with a court order).

      **SO ORDERED**, this 14th day of February, 2024.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**