# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| HARRY RAY SHOUSE, *Plaintiff*, v. DAVID M. ROSSIGNOL, *et. al.* *Defendants.* | CIVIL ACTION NO. 5:23-cv-00419-TES |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Before the Court is Plaintiff Harry Ray Shouse's Motion for Reconsideration [Doc. 27], whereby he requests the Court to reconsider its Order [Doc. 25] that denied his Motion to Recuse [Doc. 25] and dismissed his case without prejudice for failure to timely perfect service in accordance with Federal Rule of Civil Procedure 4(m).[1] *See generally* [Doc. 25].

The Court filed its Order on January 14, 2024, and Plaintiff states that he received it on February 22, 2024. [Doc. 27-1, Shouse Aff., p. 1]. So, although Plaintiff doesn't specify whether he seeks reconsideration under the Court's Local Rules or the Federal Rules of Civil Procedure, the Court **CONSTRUES** his motion as one brought under Local Rule 7.6 since he filed it "within fourteen (14) days after entry of the order." LR

---

[1] The Court also dismissed Plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) "based on his failure to comply with a court order." [Doc. 25, pp. 9–10].

7.6, MDGa.

Pursuant to local rules, "[m]otions for reconsideration shall not be filed as a matter of routine practice." L.R. 7.6, M.D. Ga. Therefore, "[i]n the interests of judicial efficiency and finality of decisions, 'reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" *Goolsby v. Astrue*, No. 5:07-cv-183 (CAR), 2009 WL 3781354, at *1 (M.D. Ga. Nov. 10, 2009) (quoting *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000)). Such motions are appropriate only if the movant demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84 (CAR), 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't Transp.*, No. 7:04-cv-78 (HL), 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)).

Importantly, a motion for reconsideration may not be used to relitigate old matters or reargue settled issues. *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012). Nor should a motion for reconsideration be used "as an opportunity to show the court how it 'could have done it better.'" *Bryan v. Murphy*, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003) (quoting *Pres. Endangered Areas Cobb's History, Inc. v. U.S. Army Corps Engineers*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995)).

With that in mind, it's clear that the Courts's Local Rules provide very limited

circumstances in which a party may appropriately seek reconsideration. As support for his recusal efforts, Plaintiff submitted an Affidavit [Doc. 27-1] along with his motion for reconsideration ostensibly to "supply the affidavit required by [28 U.S.C.] § 144." [Doc. 25, p. 2]. Again, though, Plaintiff is proceeding pro se, so regardless of whether he supplied *any* affidavit, he is unable to rely on § 144 because he "cannot supply the certificate of counsel [that is] also required by [the statute]." [*Id.* (citing 28 U.S.C. § 144)]. For those reasons, at the outset of Plaintiff's recusal efforts, the Court never held his lack of affidavit against him, and it considered whether recusal was warranted in this case under 28 U.S.C. § 455(a) since that statute does not require an affidavit. [Doc. 25, pp. 2–4]; *Youngblood-West v. AFLAC Inc.*, No. 4:18-CV-83 (CDL), 2018 WL 5011391, at *2 (M.D. Ga. Oct. 16, 2018) (citation omitted) (noting that § 144 is like § 455 except that no affidavit is required to support a disqualification motion made under § 455).

Further, Plaintiff provides no additional arguments showing any intervening change in the law, newly discovered evidence that was not previously available, or that "reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant*, 2010 WL 2687590, at *1. He simply rehashes his previous arguments and allegations and again asks the Court to recuse itself from hearing this case. *See* [Doc. 27] *in connection with* [Doc. 24].

However, a party cannot use a motion for reconsideration as an opportunity to reargue a matter the Court has already ruled on simply because he lost the first time

3

around. *Pennamon v. United Bank*, No. 5:09-CV-169 (CAR), 2009 WL 2355816, at *1 (M.D. Ga. July 28, 2009) (quoting *Am. Ass'n People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1340 (M.D. Fla. 2003)); *see also U.S. v. Dean*, 838 F. App'x 470, 472 (11th Cir. 2020) ("A party's disagreement with [a] court's decision, absent a showing of manifest error, is not sufficient to demonstrate entitlement to relief."). Instead, Plaintiff needed to satisfy one of the three recognized grounds mentioned above in order to appropriately seek reconsideration, and he has failed to do so. According, the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 27].

**SO ORDERED**, this 29th day of February, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
